# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00019-FDW

| | |
|---|---|
| JENNIFER ANN JASMAINE f/k/a DUANE L. FOX, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | )<br>)<br>)   **ORDER**<br>) |
| FNU AARON, et al., | )<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, [Doc. 8]. See 28 U.S.C. § 1915(a). On March 19, 2019, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. [Doc. 9]. Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Jennifer Ann Jasmaine, a North Carolina prisoner incarcerated at Eastern Correctional Institution in Maury, North Carolina, filed this action on January 16, 2019, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following persons as Defendants: (1) FNU Aaron, (2) FNU Germaney, and (3) FNU Hatley. Plaintiff does not identify these Defendants any more specifically in her Amended Complaint or allege any facts particular to any Defendant. Plaintiff generally alleges that her constitutional due process and Eighth Amendment rights are being violated because she has been wrongly classified as being in a security threat group ("STG") (i.e., a gang member) while in prison. Plaintiff also purports to state claims for slander, "official

knowledge of risk," and that "Ms. Jasmaine is unusually vulnerable." [Doc. 8 at 2-5]. Plaintiff alleges, specifically:

> The plaintiff, Ms. Jasmaine has a music group tattooed on her forearm (Insane Clown Posse). The plaintiff, Ms. Jasmaines safety is at risk because the defendants put her on the STG highest level, Level III. Any prison she goes to she will have to go to a unit full of real gang members.
>
> Ms. Jasmaine is currently being punished, because of her being put on STG Level III she's only allowed one phone call per month and she has to send her mail out opened so they can read it, (other inmates who are not STG don't have to send their mail opened), (see exhibit A)
>
> …
>
> Puting A Transgender woman on a predominately gang unit is putting her at risk and puting her at the highest Level, SRG Level III, guarenties the risk. The risk at hand is a strong likelihood rather than more possibility putting a transgender woman on a predominately gang unit. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).
>
> At the prison where the plaintiff, Ms. Jasmaine is being housed inmate-on-inmate violence, even inmate-on-officer violence is common and uncontrolled, officials may be held Liable.[1]

[Doc. 8 at 1-2, 4 (spelling and grammatical errors uncorrected)]. Other than the alleged potential risk of harm, Plaintiff does not allege that she has suffered any actual injury as a result of her STG classification.

For relief, Plaintiff requests declaratory relief, compensatory and punitive damages, and her removal from STG classification. [Doc. 8 at 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or]

---

[1] The Court notes that at the time the Plaintiff filed this Complaint she was housed at Lanesboro Correctional Institution. She has since been transferred to Eastern Correctional Institution, as noted above.

2

fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.  DISCUSSION

For the following reasons, the Court finds that Plaintiff fails to state a cognizable claim for a violation of any of her federal constitutional rights. First, to the extent that Plaintiff alleges that Defendants violated her Fourteenth Amendment due process rights, to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The Supreme Court has repeatedly held that a prisoner has no constitutional right under the due process clause to be incarcerated in a particular facility or to be held in a specific security classification, barring some showing by the prisoner that her confinement posed an atypical and significant hardship in relationship to the ordinary incidents

of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1976). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Here, Plaintiff's designation as a security threat group member is a security classification used by the prison. Moreover, while the Plaintiff alleges that she is transgender and, therefore, at greater risk if harm, she has alleged no facts in support of this proposition. In fact, it seems being in a segregation unit would actually serve to protect the Plaintiff from harm, rather than increase the risk of it. Furthermore, Plaintiff's claim depends at least in part on her being housed at Lanesboro Correctional Institution, a facility she describes as having "common and uncontrolled" violence, when she filed the Complaint. Plaintiff has since been transferred to a different facility.

In sum, Plaintiff does not allege facts showing that her current state of confinement poses an atypical and significant hardship in relationship to the ordinary incidents of prison life. Thus, Plaintiff fails to state a due process claim based on his STG classification. Accord Hamilton v. Welton, No. 1:15-cv-963, 2015 WL 6453850, at *5 (W.D. Mich. Oct. 26, 2015); Taylor v. Clore, No. 7:07cv448, 2007 WL 2892681, at *3 (W.D. Va. Sept. 28, 2007).

Next, as for Plaintiff's cruel and unusual punishment claim, her custody level does not

satisfy the very high standards for cruel and unusual punishment under the Eighth Amendment. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). In other words, even if Plaintiff is correct that she is being held at the wrong custody level, this does not amount to cruel and unusual punishment under the Eighth Amendment. Accord Lattimore v. Doe, No. 1:13-cv-692, 2014 WL 197807, at \*\*1-3 (M.D.N.C. Jan. 14, 2014).

Furthermore, Plaintiff makes no particularized allegations against any Defendant she has named in this case. Generally, a plaintiff must allege how each individual defendant personally participated in the alleged violations of constitutional rights. As such, Plaintiff's Amended Complaint would be subject dismissal on those grounds in any event.

Finally, to the extent that Plaintiff purports to bring a claim for slander or any other state law claims against any of the named Defendants based on her security classification, the Court declines to exercise supplemental jurisdiction as to any purported state law claims. 28 U.S.C. § 1367(a).

## IV.  CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim for an alleged violation of her constitutional or federal rights under Section 1983. See 28 U.S.C. § 1915(a).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Complaint [Doc. 8] is **DISMISSED** for failure to state a claim. Plaintiff's federal constitutional claims are dismissed with prejudice. To the extent that Plaintiff purports to bring state law claims for slander, etc., those claims are dismissed without prejudice.

2. The Clerk is directed to terminate this action.

Signed: September 30, 2019

Frank D. Whitney
Chief United States District Judge